**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**SHANNON KNAPP, Individually and as
Parent and Natural Guardian of AARON
RYAN TRAYLOR, A Minor; RYAN
TRAYLOR, A Minor; JULIE LEWIS,
and DONALD KNAPP, JR.**                                 **PLAINTIFFS**

**V.**                                 **2:07CV00126JMM**

**LARRY FOOSHEE and ASHLEY
FURNITURE INDUSTRIES, INC.**                                      **DEFENDANTS**

## ORDER GRANTING MOTION TO REMAND

Pending is Plaintiffs' Motion to Remand to State Court. The Defendants have responded. For the reasons set forth below, the Motion is GRANTED.

Plaintiffs filed this suit in the Circuit Court of Phillips County, Arkansas. Defendants removed the action on October 5, 2007. Defendants contend that the Court has diversity jurisdiction over the case because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiffs admit that the parties are diverse, but argue that the amount in controversy is merely $57,216.20.

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the appropriate federal court. 28 U.S.C. §1441(a). The Court's original jurisdiction, of course, includes diversity jurisdiction. Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. § 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. In making this determination, the Court must resolve all doubts in favor of a remand to state court. *See In re Business Assuance Co. Of America,* 992 F.2d 181, 183 (8th Cir.

1993).  "[W]here . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount exceeds $75,000."  *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003).

Plaintiffs have stated precisely the amount of their medical bills, property damage, the amount requested for future medical bills, pain, suffering, mental anguish, and loss of consortium.  According to Plaintiffs' pleading, Plaintiffs have received proper medical treatment and have determined their total damages to be in the amount of $57,216.20, not in excess of $75,000.  The Complaint appears to limit the amount requested for future medical expenses, pain, suffering and mental anguish.  *See* Complaint, at p. 4.  Further, Plaintiffs do not seek punitive damages.  Therefore, the Court finds that the Defendants have failed to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

Plaintiffs' Motion to Remand (Docket # 6) is GRANTED.  The Clerk is directed to send the case file to the Clerk of the Circuit Court of Phillips County, Arkansas forthwith.

IT IS SO ORDERED this 7th day of November 2007.

_____
James M. Moody
United States District Judge